UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KINGVISION PAY-PER-VIEW, LTD.,

                Plaintiff,

- against -

JANET FALU and 178 SHERMAN AVENUE
CORP.,

                Defendants.

---

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/4/708

06 Civ. 4457 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

The plaintiff has filed a motion to dismiss the counterclaims of counter-plaintiff Janet Falu pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In deciding a motion to dismiss counterclaims pursuant to Rule 12(b)(6), the allegations in the counterclaims are accepted as true and all reasonable inferences must be drawn in the counter-plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007); Arista Records LLC v. Lime Group LLC, No. 06 Civ. 5936, 2007 WL 4267190, at *4-*5 (S.D.N.Y. Dec. 3, 2007). Where, as here, the counter-plaintiff is proceeding pro se, although the same standards for dismissal apply, a court should give the pro se litigant special latitude in responding to a motion to dismiss. See McPherson v. Coombe, 174 F.3d 276, 279 (2d Cir. 1999); Cooney v. Consol. Edison, 220 F. Supp. 2d 241, 244

1

(S.D.N.Y.2002). The Court should not dismiss the counterclaims if the counter-plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Twombly v. Bell Atlantic Corp., 127 S. Ct. 1955, 1974 (2007).

In this case, the counterclaims should be **dismissed without prejudice** because the counter-plaintiff has failed to satisfy the Twombly standard. The counterclaims contain conclusory statements, which are insufficient to defeat a motion to dismiss, and do not state facts sufficient to raise the counter-plaintiff's right to relief above the speculative level. Twombly, 127 S. Ct. at 1965; Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002).

The counter-plaintiff responds that the counter-defendant has not adequately responded to discovery, but whether or not the counter-defendant has satisfied its discovery obligations does not affect the question of whether the counter-plaintiff has alleged sufficient facts to state a plausible claim for each of the alleged counterclaims. Moreover, the dismissal of the counterclaims should not affect the discovery obligations of the parties in this case.

The motion to dismiss the counterclaims is therefore **granted without prejudice** to the filing of amended counterclaims. Any amended counterclaims must be filed within twenty days.

SO ORDERED.

Dated: New York, New York
February 4, 2008

_____
John G. Koeltl
United States District Judge